UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO RICARDO BRIONES-
NUNEZ,

               Plaintiff,

     v.

WARDEN FLORIDA SOFT SIDE
SOUTH, OFFICIAL CAPACITY;
FIELD OFFICE DIRECT.
GARRETT RIPA, OFFICIAL
CAPACITY; ACTING DIRECTOR
TODD LYONS, OFFICIAL
CAPACITY; SECRETARY KRISTI
NOEM, OFFICIAL CAPACITY;
AND ATTORNEY GENERAL PAM
BONDI, OFFICIAL CAPACITY,

               Defendants.

Case No. 2:26-cv-877-KCD-NPM

## ORDER

Petitioner Pablo Ricardo Briones-Nunez has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and his continued detention contravenes the Fifth Amendment. (*Id.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

at 9-13.) Respondents oppose the petition (Doc. 9.) For the reasons below, the petition is **DENIED**.

## I. Background

Briones-Nunez is a native of Mexico who entered the United States at an unknown date and time and was processed as an expedited removal. (Doc. 9-1 at 2.) A final order of removal was issued on July 10, 2018, and Briones-Nunez was sent to Mexico. (*Id.* at 2, 5-6.) After being removed, he returned to the United States at an unknown place and time.

On March 15, 2026, ICE notified Briones-Nunez of its intent to reinstate his removal order. (Doc. 9-1 at 4.) He was taken into ICE custody on March 20, 2026, and remains detained at this time.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

### III. Discussion

The analysis begins with a jurisdictional challenge. Respondents argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to even hear Briones-Nunez's plea because it arises from the "execution" of a removal order. (Doc. 9 at 3.) We need not spend long here. The Supreme Court has repeatedly cautioned that § 1252(g) is narrowly tailored to three discrete actions, and it does not operate as a blanket ban on habeas review for prolonged detention. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018). Indeed, if the Government's sweeping interpretation were correct, *Zadvydas v. Davis*—the seminal case where the Supreme Court held it could consider a habeas challenge to unlawful, prolonged immigration detention—would have been stopped in its tracks before ever reaching the merits. The Court is satisfied it has jurisdiction to decide whether Briones-Nunez's detention is lawful. *Zadvydas*, 533 U.S. 683, 688 (2001) (citing § 1252(g) yet concluding "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

Respondents also argue that 8 U.S.C. § 1252(b)(9) bars judicial review. (Doc. 9 at 4.) Not so. The Eleventh Circuit has held that § 1252(b)(9) "only affects cases that involve[] review of an order of removal." *Canal A Media Holding, LLC v. United States Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020). Briones-Nunez is not challenging his removal

proceedings—he is challenging the antecedent detention. So "the Government's reliance on § 1252(b)(9) is misplaced." *Fernandez-Garcia v. U.S. Att'y Gen.*, No. 1-20-CV-23599-UU, 2021 WL 8821923, at \*5 (S.D. Fla. Apr. 15, 2021).

That leaves the merits. Briones-Nunez argues that his due process rights have been violated because he has not been provided a bond hearing, and he cannot be lawfully detained because he has no final order of removal. (Doc. 1 at 9-10.) Not so. ICE reinstated his prior removal order on March 15, 2026. Briones-Nunez does not dispute any of the immigration documents from the Government (including the removal order), and so the Court considers them dispositive of the underlying facts. (*See* Doc. 9-1.)

The issue presented here is whether Briones-Nunez's detention falls under § 1226 or § 1231. Section 1226(a) provides that noncitizens "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Noncitizens detained under § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1231, in turn, governs the detention of noncitizens who have been ordered removed. Subsection (a)(2) requires detention of noncitizens during the removal period,

4

which normally begins on the date the removal order becomes administratively final.

According to the only evidence before the Court, there are no pending agency proceedings relevant to Briones-Nunez's removal. The 2018 expedited removal order—which was reinstated after he re-entered the country—is administratively final and ready to be executed. Because he is subject to a final removal order, Briones-Nunez's detention is governed by § 1231. He is thus not entitled to release, a bond hearing, or any other habeas relief based on the claims asserted in his habeas petition. And his detention does not run afoul of the due process clause because he has only been detained since March 20, 2026. As the Supreme Court explained in *Zadvydas*, the authority to detain under § 1231 does not stretch into infinity, but for the first six months, detention is presumptively reasonable. 533 U.S. at 701. Any claim under *Zadvydas*, is premature because Briones-Nunez has not been detained for longer than six months since his removal order was reinstated.

Briones-Nunez also mentions that officers at Alligator Alcatraz regularly use excessive force and the conditions are abusive. (Doc. 1 at 14.) To the extent this is an argument for habeas relief, it is summarily rejected. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an

inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

## IV. Conclusion

Pablo Ricardo Briones-Nunez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**ORDERED** in Fort Myers, Florida on April 20, 2026.

Kyle C. Dudek
United States District Judge

6